**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Michael Hodge,** | ) | **CASE NO. 1:05 CR 46** |
| | ) | **(07 CV 3320)** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 43). Petitioner challenges the sentence imposed upon him by the Court. For the reasons that follow, the motion is DENIED.

**FACTS**

Petitioner, Michael Hodge, was indicted by a grand jury on two counts. Count one charged petitioner with possession with intent to distribute cocaine base and count two charged petitioner with possession of a firearm by a prior felon. On May 10, 2005, petitioner entered a

1

guilty plea[1] to both counts in the indictment and signed a written plea agreement.  On August 2, 2005, petitioner was sentenced to a term of imprisonment of 200 months on count one and 120 months on count two, the sentences to run concurrent.  On August 8, 2005, petitioner filed a notice of appeal with the Sixth Circuit.  The government filed a motion to dismiss, arguing that the plea colloquy demonstrated that petitioner knowingly and voluntarily waived his appellate rights.  The Sixth Circuit granted the government's motion and dismissed the action.  Thereafter, petitioner filed a petition for writ of certiorari with the Supreme Court.  The petition for writ was denied.  Plaintiff now seeks relief pursuant to 28 U.S.C. § 2255.

### STANDARD OF REVIEW

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack...." 28 U.S.C. § 2255.  "In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir.2003).

### DISCUSSION

Petitioner raises four grounds for relief.  Each will be addressed in turn.

1. Ineffective assistance of counsel

---

[1] Petitioner appeared before the Honorable John Manos for all proceedings.  This Court received this motion upon the death of Judge Manos.

The Sixth Circuit has already concluded that the petitioner's plea was knowingly and voluntarily entered. Therefore, petitioner may only collaterally attack those issues expressly reserved in the plea agreement. The plea agreement provides, in relevant part, as follows,

> Defendant acknowledges having been advised by counsel of defendant's constitutional rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742.... Defendant expressly and voluntarily waives those rights except as expressly reserved herein. Defendant reserves the right to appeal: (1) any punishment in excess of the statutory maximum; or (b) punishment exceeding that which would result from accepting the Guideline Stipulations set forth on pages 3-5 of the Agreement. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

Because petitioner expressly reserved the right to collaterally attack claims of ineffective assistance of counsel, the Court will address these claims.

To succeed on an ineffective assistance of counsel claim, petitioner must show that counsel's representation fell below an objective standard of reasonableness, *McFarland v. Yukins*, 356 F.3d 688 (6th Cir.2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)), and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner argues that his attorney failed to advise him of the career criminal enhancement and manipulated him into pleading guilty. He further claims that counsel failed to object to the pre-sentence investigation report and failed to argue issues related to *Booker* and *Brady* at sentencing. In addition, petitioner argues that his counsel was ineffective because he failed to object to the disparity between crack and powder cocaine. Petitioner also claims that his counsel should have filed a motion to suppress and should have objected to the "prosecutorial

3

misconduct."

Upon review, the Court finds that petitioner's argument regarding the career criminal enhancement, the fact that he was "manipulated" into pleading guilty, any alleged failure to object to the pre-sentence investigation report and the *Booker/Brady* issues are all belied by plea agreement, the plea colloquy and the sentencing transcript. The defendant signed a plea agreement and specifically agreed to be sentenced as a career offender. (Plea Agmt. ¶¶ 6-8). He also agreed to a sentence in the range of 188-215 months and indicated that he reviewed the plea agreement with his attorney. (*Id*. at pp. 5, 7). At the plea colloquy the government indicated that petitioner was a career offender with a base level of 34 and a criminal history category of VI. After a 3 level reduction for acceptance of responsibility, petitioner again was told that the applicable sentencing range was 188-235 months. (Plea Colloquy at p. 4). After the summary, the petitioner acknowledged his signature on the plea agreement. The Court finds that the plea agreement and plea colloquy unequivocally demonstrate that petitioner's arguments regarding his counsel's alleged ineffectiveness regarding his career enhancement and "manipulation" are meritless. In the same vein, the Court rejects petitioner's arguments regarding the alleged failure to object to the prior criminal history outlined in his pre-sentence investigation report as well as counsel's failure to raise *Booker/Brady* issues. Upon review of the sentencing transcript, the Court notes that counsel did in fact argue that the offenses listed in the PSI report were "petty" and "little things." In addition, assuming *arguendo* that *Booker* and/or *Brady* could have any relevance to this matter, petitioner himself raised these issues at the sentencing. Accordingly, these claims also lack merit.

Next petitioner argues that his counsel was ineffective for failing to object to the

sentencing guidelines to the extent they recognize a disparity between crack and powder cocaine. As the government points out, however, at the time petitioner entered a plea, there was no basis on which to lodge such an objection. The sentencing guidelines, in fact, provided for a disparity between crack and powder cocaine. As such, the Court finds that counsel's failure to object to the disparity did not fall below an objective standard of reasonableness.

The Court further finds that petitioner's argument that counsel erred by failing to file a motion to suppress is without merit. It appears that Petitioner is claiming that the evidence obtained against him was unlawfully seized and, therefore, counsel should have moved to suppress the evidence. He also argues that counsel told petitioner that he would be given "more time" if he lost the suppression hearing. Petitioner, however, knew at the time he entered the plea that no suppression motion was filed. Nonetheless, he knowingly and voluntarily entered a plea of guilty. Further, the circumstances he now complains of were known to petitioner at the time of the plea, yet he affirmatively indicated that he was satisfied with his counsel's representation. Nor can the Court say that advising a client that loss of a suppression hearing may affect the ultimate sentence constitutes ineffective assistance of counsel.

2. Judicial discretion

Petitioner argues that this Court abused its discretion by sentencing petitioner as a career criminal. Petitioner, however, waived the right to appeal this issue in the plea agreement. Accordingly, the Court need not reach this argument.

3. Prosecutorial misconduct/conflict of interest

In support of this claim, petitioner essentially reargues that the police improperly seized evidence on the night of petitioner's arrest. This issue is not properly raised via a Section 2255

motion and appears to have been waived in any event. In addition, although petitioner mentions in passing that he had four attorneys, he fails to explain how a conflict of interest arose. Accordingly, this argument is also rejected.

  4.  Lack of subject matter jurisdiction

Petitioner argues that this Court lacks subject matter jurisdiction because cocaine has a medical use and is addictive. The Court summarily rejects this argument.

**Certificate of Appealability**

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED.


      /s/ Patricia A.Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 12/20/07